COLLEEN BAL, State Bar No. 167637
RIANA S. PFEFFERKORN, State Bar No. 266817
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market, Spear Tower
Suite 3300
San Francisco, CA 94105
Telephone:  (415) 947-2000
Facsimile:   (415) 947-2099
Email:  cbal@wsgr.com

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH W. ANDERSON,<br><br>                    Plaintiff,<br><br>        v.<br><br>GOOGLE INC.,<br><br>                    Defendant. | Case No.  3:12-cv-06573-JST<br><br>**DEFENDANT GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:        Thursday, April 4, 2013<br>Time:       2:00 p.m.<br>Place:      Courtroom 9<br>Judge:     Honorable Jon S. Tigar |

<u>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**</u>

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

      **PLEASE TAKE NOTICE** that, on Thursday, April 4, 2013, at two o'clock in the afternoon, in the courtroom of the Honorable Jon S. Tigar, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Google Inc. ("Google" or "Defendant") will and hereby does move for an order dismissing the Complaint filed by *pro se* Plaintiff Joseph W. Anderson ("Anderson" or "Plaintiff").

      Defendant respectfully requests dismissal of the Complaint without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Court's files in this action, the arguments of counsel, and any other matters properly before the Court.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## INTRODUCTION

3      The complaint filed by Plaintiff Anderson against Google is unintelligible.  Google

4  cannot discern the facts alleged against it or the bases of Plaintiff's claim(s).  Rather than explain

5  the relevant facts, Plaintiff attaches voluminous exhibits, which are difficult to parse and serve

6  only to bury the nature of his dispute in seemingly irrelevant material.  (Docket No. 1, pp. 14-

7  53).[1]  Plaintiff's allegations are incomprehensible, and do not put Google on fair notice of the

8  claims being alleged against it.

9      While some clues point to a possible copyright and/or trademark claim, Google cannot be

10  sure.  Plaintiff appears to rely on federal copyright and trademark law for jurisdiction and also

11  includes as exhibits a trademark and a copyright registration, but he fails to select "trademark" as

12  a cause of action on the civil cover sheet, and checks a half-dozen other boxes – including "other

13  civil rights," "all other real property," and "other fraud."  (Docket Nos. 1, at 2, 5, 7, 26; 1-1).  He

14  also references in the body of the complaint numerous other types of grievances (including a

15  complaint filed "with Fairfield Police Department for Scams & Cons," another filed for "Federal

16  Trade Comission (sic) theft of consumer information," and "repeated criminal actions taken

17  against innocent Consumers/victim(s) like myself"), making it impossible for Google to ascertain

18  with any certainty the nature of the claims against it.  (Docket No. 1, at 4, 11).

19      To the extent Plaintiff is alleging infringement of copyright and/or trademark rights, he

20  does not explain their bases, such as the rights he claims, which rights were infringed, or how

21  Google allegedly infringed those rights.  Numerous defenses are available to Internet service

22  providers like Google in cases of alleged intellectual property infringement, such as fair use and

23  the protections of the Digital Millennium Copyright Act's safe harbors, but Google cannot raise

24  an effective defense on this record.  Even affording Anderson some leeway as a *pro se* litigant,

25  his Complaint falls far short of that which is minimally required in order to put Google on notice

26

27      [1] For the sake of clarity and simplicity, this Motion will cite to the Complaint and its supporting exhibits by the page number of the ECF document at Docket No. 1 (which totals 53 numbered pages) unless otherwise noted.

28

1  of his claims, and to explain to this Court why he is entitled to relief.   Google respectfully

2  requests that the Complaint be dismissed for failure to state a claim.

3                                        **STATEMENT OF FACTS**

4            Plaintiff Anderson is an individual residing in Ohio.   (*Id.* at 1).   Plaintiff allegedly owns

5  the copyright to a print work titled "Sculpture Figurine – Figurine Sculpture," the registration for

6  which he includes in his exhibits.   (*Id.* at 5, 26).   Defendant Google is a corporation

7  headquartered in Mountain View, California.   (Docket No. 1 at 2).   Google operates a well-

8  known search engine that indexes webpages from across the Web, and returns pages from its

9  index as results in response to users' search queries.   (*Id.* at 15 (referring to Google's "web

10  to[]tal search result[s]"), 32-33, 41-43).

11            Beyond this, it is difficult to glean much coherent factual content from the Complaint.

12  Plaintiff's statements are fragmentary.   In what appears to be the statement of facts, Plaintiff

13  alleges, among other things:

14       •   "This Proves orginal mathematical formulations with direct relation with new

15  ideal with new concepts, Which leads to new mathematical configuration(s) when other word(s)

16  being added to the new ideal. Then translates into new business Concept(s)" (sic) (*id.* at 12);

17       •   "There another 700 merchant accounts listed within a single link that can be

18  tracked back to Google Shopping.com with The House Of Figurine Sculpture URL domain name

19  ad related cases of trying to change the undiscovered concepts" (sic) (*id.*); and

20       •    "Google Inc is aware of these Iconic Intellectual Property sybmols.  Google Inc

21  has repeatedly shown discerned, about the legal rights of the author work & laws pertaining to

22  company Intellectual Properties.   Just to be taken for Ad words'. profit only & repeated

23  violations of the IP Law(s) of other(s)" (sic).  (*Id.*).

24  Google cannot make sense of these statements.

25            There are voluminous supporting exhibits.   It appears Plaintiff intends for the exhibits to

26  clarify the nature of his grievances, but they fail to do so.   Plaintiff's exhibit list includes

27  descriptions, such as "Data bases arcrorss this country work & connect through various language

28  translation & mathematical information.systems, These new name(s) created, contains

1  mathematical vaules, non-existing number configuration to computers on a gobal database sytem

2  scale" (sic), and "The deception appears has Google search engine which is completely two

3  different places owned under one Incorporated Company Google Inc" (sic).  (*Id.* at 15-16).

4  Some exhibits bear no apparent connection to either Plaintiff or Google, including pages from a

5  textbook, an online dictionary website, and Wikipedia.  (*Id.* at 8, 38-40, 51-53).  Several pages

6  possibly intended as exhibits are not included in the exhibit list at all.  (*Id.* at 5-9).

7       Plaintiff makes repeated references to an individual named "Brian Carter," who is alleged

8  to be the CEO of a company, The House of Figurine Sculptures LLC ("the LLC").  (*Id.* at 11-

9  12).  The Complaint adverts to an agreement between Plaintiff and Carter (*id.* at 15), but it is

10  unclear what Plaintiff's connection is to Carter, to the LLC or to the websites.  Plaintiff's

11  exhibits include the Ohio certificate of registration for the LLC, as well as a United States Patent

12  & Trademark Office registration for the trademark "The House of Figurine Sculptures.com,"

13  registered in Carter's name.  (*Id.* at 7, 9).  Plaintiff also includes what appears to be a printout

14  from a domain name management website (logged in under the username "briancarter"), which

15  lists a number of domain names that are mostly variants on the alleged registered trademark.  (*Id.*

16  at 6).  Plaintiff attaches printouts of pages from some of the websites with listed domain names.[2]

17  (*Id.* at 23-25, 28-31).

18       The Complaint refers vaguely to copyright, trademark, and "IP laws."  (*Id.* at 11-12).

19  Plaintiff includes a long list of different sections of Titles 15, 17, and 18 of the U.S. Code in his

20  statement of jurisdiction, but he never identifies which laws Google allegedly violated nor how;

21  nor does he explain what bearing the listed criminal code sections (which relate to forfeiture)

22

23      [2] These exhibits pertain to websites located at the domains sculpturedfigurinesanmore.com
   and sculpturefigurinefigurinesculptures.com.  (Docket No. 1 at 23-25, 28-31).  However, the

24  exhibits are several years old; they are dated December 4, 2007 and August 31, 2009,
   respectively.  *See id.*  On this motion, the Court may take judicial notice of the fact that these

25  websites are no longer online, raising questions as to their significance and whether claimed
   rights in the names or content were subsequently abandoned.  *See, e.g.*, *Coremetrics, Inc. v.*

26  *Atomic Park.com, LLC*, 370 F. Supp. 2d 1013, 1021 (N.D. Cal. 2005) (taking judicial notice of
   contents of defendant's website); *Hendrickson v. eBay, Inc.*, 165 F. Supp. 2d 1082, 1084 n.2

27  (C.D. Cal. 2001) ("the Court takes judicial notice of www.eBay.com and the information
   contained therein pursuant to Federal Rule of Evidence 201").

28

have to his case. (*Id.* at 3). Plaintiff mentions complaints with the Fairfield, Ohio police department and the Federal Trade Commission, but he does not attach or summarize them beyond saying the police complaint is "for Scams & Cons being played in another state" (sic) and the FTC's for "theft of consumer information." (*Id.* at 4). He never identifies the person or entity against whom the complaints were made or the outcome of any investigation.

Plaintiff requests relief in the form of his costs and $40 million "for current use" and "in royalties," without explaining how Plaintiff computed this figure. (*Id.* at 11). The civil cover sheet likewise states that Plaintiff requests "cash & royalties." (Docket No. 1-1).

## ARGUMENT

### A.     Legal Standard

Under Rule 12(b)(6), a complaint should be dismissed when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint generally must satisfy the notice pleading requirements of Rule 8(a)(2), by providing "a short and plain statement of the claim showing that the pleader is entitled to relief." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003) (quoting Fed. R. Civ. P. 8(a)(2)). In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, "the court need not accept as true conclusory allegations, nor make unwarranted deductions or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008) (citation omitted) (hereafter *Gilead*). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A court may dismiss a complaint where it does not contain enough facts to state a facially plausible claim to relief, *Twombly*, 550 U.S. at 570, meaning enough factual content for the court "to draw the reasonable

1    inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct.

2    1937, 1949 (2009).

3         **B.      Plaintiff's Complaint Fails to Meet the Requirements of Rule 8**

4         The Complaint must be dismissed because it does not clearly state Plaintiff's causes of

5    action or the factual bases underlying his claims.  Rule 8 requires that a complaint contain "a

6    short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ.

7    P. 8(a)(2).  While this is not a high bar to meet, Plaintiff's Complaint nevertheless falls short of

8    it.  The Complaint lacks even the most basic factual content necessary to show Plaintiff's

9    plausible entitlement to relief.

10        Google does not know which (if any) of the exclusive rights reserved under the copyright

11   laws are at issue; which (if any) trademarks are at issue; what rights are claimed by Plaintiff;

12   what conduct by Google supposedly allegedly infringed those rights, or how Google's conduct or

13   omissions allegedly harmed Plaintiff.  (Docket No. 1 at 3-4, 11-12, 15-16).  The civil cover sheet

14   does not elucidate matters.  Under "Nature of Suit," Plaintiff checked the copyright box, but not

15   the trademark box, although he purports to rely on federal trademark law for subject matter

16   jurisdiction.  He also checked a half-dozen other boxes pertaining to various categories of claim,

17   from real property to civil rights, which are not pleaded in the Complaint.  (Docket No. 1-1).

18   The assorted exhibits fare no better at communicating Plaintiff's claims.

19        If Google understood the copyright and trademark claims Plaintiff is apparently asserting,

20   it would almost certainly be able to plead a variety of defenses to those claims.  As an online

21   service provider, Google could potentially assert the copyright defense of fair use and

22   entitlement to the protections of the Digital Millennium Copyright Act ("DMCA") safe harbors.[3]

23   *See* 17 U.S.C. §§ 107, 512.  Likewise, any trademark claim would likely fail because Plaintiff

24   does not appear from the attached trademark registration to be the owner of the claimed

25

26        [3] Google has registered an agent pursuant to the DMCA and responds to notices of alleged
     infringement sent pursuant to that statute.  Before Google can remove allegedly infringing
27   material, however, Plaintiff must specifically identify the material he contends infringes.  *See* 17
     U.S.C. §§512(c)(3) and (d)(3).
28

trademark (Docket No. 1, at 7), and in any event, Plaintiff does not plead use in commerce of the mark or any likelihood of consumer confusion due to Google's unspecified conduct.  *See Brookfield Commc'ns v. W. Coast Entm't*, 174 F.3d 1036, 1051-54 (9th Cir. 1999) (discussing elements of trademark infringement claim).  Google could also potentially defend against trademark infringement claims on fair use grounds.  *See New Kids on the Block v. News Am. Publg., Inc*., 971 F.2d 302 (9th Cir. 1992).  Furthermore, if Plaintiff is alleging both copyright and trademark infringement claims (*see* Docket Nos. 1, at 12; 20, at 3-5),[4] Google may have a defense that the trademark claim improperly encroaches on protections afforded exclusively under the Copyright Act.  *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 33-35 (2003).  But Google cannot determine whether these or other defenses might apply unless and until Plaintiff sufficiently identifies his claims against Google.

These deficiencies are not mere technicalities.  A complaint must provide a defendant with "fair notice" of the claims against it and the grounds for relief.  *Twombly*, 550 U.S. at 555.  A plaintiff's factual allegations must "give fair notice and … enable the opposing party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Here, Plaintiff has provided no notice to Google of his claims.  The laundry list of U.S. Code sections covering copyright, trademark and criminal forfeiture is presented without any explanation of which are applicable.  Plaintiff's statement that the list "may not include other federal laws that may had been violated" (sic) only serves to underscore the impermissible vagueness of his allegations. (Docket No. 1, at 3-4).  Google is entitled to more.

The Complaint's murkiness similarly prohibits the Court from evaluating Plaintiff's claims.  Where claims are not clearly alleged, the court need not "divine the litigant's intent and create claims that are not clearly raised." *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir. 2004); *Gilead*, 536 F.3d 1057 ("the court need not … make unwarranted deductions").  Here, the Court need not do Plaintiff's work for him, even taking his *pro se* status into consideration.  As

---

[4] The court may take judicial notice of Plaintiff's Case Management Statement (Docket No. 20) without converting the instant motion into one for summary judgment. *See Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir.1998).

1  the record now stands, the Court is not in a position to analyze whether Plaintiff has actionable

2  claims against Google. For this reason as well, the Complaint is fatally deficient.

3        Accordingly, Plaintiff's Complaint against Google must be dismissed. Since *pro se*

4  litigants' pleadings are not held to as strict a standard as those by attorneys, a *pro se* litigant must

5  be given leave to amend unless the complaint's deficiencies clearly cannot be cured by

6  amendment. *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010); *Lucas v. Dep't of*

7  *Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). While Google doubts that Plaintiff can state any

8  actionable claim against it, Google acknowledges that dismissal with leave to amend is

9  appropriate in view of Plaintiff's *pro se* status.

10                    **CONCLUSION**

11        For the foregoing reasons, Google respectfully requests that the Court dismiss Plaintiff's

12  Complaint without prejudice.

13

14                     Respectfully submitted,

15  Dated: February 27, 2013         WILSON SONSINI GOODRICH AND ROSATI

16                     Professional Corporation

17

18                     By:   /s Colleen Bal

19                         Colleen Bal

                       cbal@wsgr.com

20                     Attorneys for Defendant

21                     GOOGLE INC.

22

23

24

25

26

27

28