UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH W. ANDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>    Defendant. | Case No. 12-cv-06573-JST<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 21 |

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this case suitable for disposition without oral argument. Accordingly, the Court hereby VACATES the hearing currently scheduled for April 4, 2013. Having considered the papers filed by the parties, and good cause appearing, and for the reasons stated below, the Court GRANTS Defendant's motion to DISMISS Plaintiff's complaint WITHOUT PREJUDICE.

## II. BACKGROUND

### A. Factual and Procedural History

Plaintiff George Anderson resides in Ohio and allegedly owns the copyright to a work entitled "Sculpture Figurine – Figurine Sculpture." Dkt. No. 1, pp. 1 & 5. He has filed a complaint ("the Complaint") against Defendant Google, Inc. Dkt. No. 1. Defendant has filed a Motion to Dismiss the Complaint, which the Court now considers. Dkt. No. 22

### B. Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short and plain

statement of the claim showing that the pleader is entitled to relief." "Rule 8(a) has 'been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.' " Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed.2010)).

A complaint must provide the defendant with "fair notice" of the claims against it and the grounds for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) (A plaintiff's factual allegations must "give fair notice and . . . enable the opposing party to defend itself effectively"). A court may dismiss a complaint under Rule 12(b) (6) when it does not contain enough facts to state a claim for relief. Twombly, 550 U.S. at 570.

Complaints by *pro se* plaintiffs must be "liberally construed." Hughes v. Rowe, 449 U.S. 5, 9-10 (1980) (per curiam); see also Balistreri v . Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). However, a *pro se* plaintiff must still allege facts sufficient to allow a reviewing court to determine that a claim has been stated. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir.1982). "[D]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir.2007) (citation omitted).

**III. DISCUSSION**

The Court has carefully reviewed the complaint. It is largely unintelligible. It does not provide Defendant with "fair notice" of the legal claims Plaintiff is making and the factual basis of those claims. Even read liberally, the complaint lacks the legal and factual allegations necessary to survive a motion to dismiss.

For example, the complaint lists thirty-eight statutory provisions that presumably form the basis of Plaintiff's legal claims. Dkt. No. 1, p. 53. However, these statutes never appear again in

2

the complaint, and plaintiff does not explain whether or how Defendant has violated them. Instead, the complaint makes statements such as "Google Inc ignoring law(s), that demonstrats the United State Copyrights (c), United States Patent Trademark (R) TM & the Ohio,LLC 2010, before and after Google Inc, ran experimental testing on related ad for the new Shopping Google.com." [sic] Dkt. No. 1, p.12. Defendant cannot be expected to defend itself effectively from such a claim. The complaint makes several references to trademark and copyright laws, but it does not describe which trademarks and copyrights are at issue, or how Defendant's actions have infringed on them.

Neither does the complaint adequately describe Plaintiff's claim for relief and the basis for computing it. The complaint's description of his claim for relief begins: "[w]e would ask twenty million dollars for current use, the dilution through theft & deception of copyright obtained, including the research studies are being used for Google Inc. profit & gain, The algorithim research is still being used today by Google Inc." [sic]. Dkt. No. 1, p. 11. This description, and the similar language following it, does not permit the Court or the Defendant to understand the basis of Plaintiff's entitlement to relief.

Plaintiff is ordered to re-file an amended complaint within twenty-one days. In filing the amended complaint, Plaintiff must:

1. Write in clear, complete sentences, reasonably free of spelling and grammatical errors.

2. Organize the complaint to describe each legal claim, one at a time, and to follow each legal claim with specific factual allegations which establish that Defendant has violated the law.

3. Describe the relief requested clearly, describing the method for calculating any money damages.

Plaintiff, who is proceeding *pro se*, is advised that there is helpful information for *pro se*

litigants at www.cand.uscourts.gov/proselitigants. Plaintiff may also make an appointment with the Northern District's Legal Help Center by calling 415-782-9000, extension 8657.

## IV. CONCLUSION

Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff is ordered to file a new complaint within twenty-one days after complying with the aforementioned instructions.

**IT IS SO ORDERED**.

Dated: March 27, 2013

_____
JON S. TIGAR
United States District Judge