COLLEEN BAL, State Bar No. 167637
RIANA S. PFEFFERKORN, State Bar No. 266817
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market, Spear Tower
Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: cbal@wsgr.com

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH W. ANDERSON,<br><br>    Plaintiff,<br><br>  v.<br><br>GOOGLE INC.,<br><br>    Defendant. | Case No. 3:12-cv-06573-JST<br><br>**DEFENDANT GOOGLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date: Thursday, June 20, 2013<br>Time: 2:00 p.m.<br>Place: Courtroom 9<br>Judge: Honorable Jon S. Tigar |

# REPLY MEMORANDUM

# INTRODUCTION

*Pro se* plaintiff Joseph Anderson's opposition to defendant Google Inc.'s ("Google's") Motion to Dismiss ("MTD") the First Amended Complaint ("FAC") only adds to the confusion created by his prior filings. It does not meaningfully respond to the issues Google raised in its supporting brief, sheds no light on his claims, and provides no reason why the Court should not grant Google's motion. Google respectfully requests that the Court dismiss the action with prejudice.

# ARGUMENT

Google's opening brief explained why the FAC fares no better than Anderson's original Complaint. Like the original, the FAC does not contain a short, plain statement of his claims showing his entitlement to relief, as Rule 8 and the Court's March 27, 2013 Order require. *See* MTD at 7. The FAC does not provide the factual or legal basis for the causes of action Plaintiff now seems to be alleging, despite the Court's direction that Plaintiff should clearly and plainly state his claims and the bases supporting them. *Id.* As Google explained, because it still cannot comprehend the nature of Plaintiff's claims, it cannot assert the defenses that might be available to it, including those potentially dispositive at this stage. *Id.* at 8-9.

Plaintiff's Opposition fails to rebut Google's arguments. If anything, the Opposition is even more difficult to read than the FAC itself. Despite substantial effort, Google cannot make sense of the FAC or the Opposition; it appears that Plaintiff has not availed himself of any of the resources for *pro se* litigants to which the Court directed him.

Plaintiff's argument that the FAC meets Rule 8's requirements is that he alleged his "website designs and the exact United States Copyright titles are being reproduced and resold by the owners of Google Inc." Opp. at 2. But the FAC does not support this bare allegation with any facts that might plausibly show infringement of Plaintiff's rights in any copyrightable subject matter (which, as noted, does not include the titles of works).[1] *See* MTD at 8-9. To the

---

[1] To the extent Plaintiff attempts to assert a trademark claim concerning the "copyright titles," that claim would be foreclosed by, among other things, the trademark registration Plaintiff
(continued...)

extent Plaintiff now claims that Google infringed his website design, he does not explain what aspect of the website Google allegedly infringed or how. Nor does he provide evidence that he sought to register the website design prior to filing the lawsuit, as required under the Copyright Act. *See* 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.").[2]

Plaintiff attaches several exhibits to his Opposition and belatedly purports to explain "Copyright of a Website Facts" (Opp. at 2-3), but the exhibits and many of the "facts" were not included in the FAC. *Id.* at 3-5, 6-21. Plaintiff cannot constructively amend his complaint through his opposition. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). But even if he could, the new "allegations" are as impenetrable as those in the FAC. Even if the exhibits attached to the Opposition had been incorporated into the complaint, the exhibits and Plaintiff's summaries of them (Opp. at 3-5) only add to the uncertainty of his claims:

- Plaintiff attaches an exhibit allegedly containing "Google Inc. Advertising Program Terms" dated August 22, 2006. Opp. at 6-8. Plaintiff alleges that these terms were in place at the time he "hired" Google (*id.* at 3), but he does not explain how the terms have any bearing on his claims, what he supposedly "hired" Google to do, or what Google allegedly did wrong.

- Another exhibit contains a listing of what Plaintiff purports to be payments for a Yahoo! Merchant Solutions account (*id.* at 4, 18-22), which he calls "proof [he] was trying to continue e[-]commer[]ce business" during the time period of Google's alleged violations (*id.* at 4), but again, there is no indication of how this

---

(...continued from previous page)
attached to his original complaint, showing that trademark rights to "The House of Figure Sculptures.com" are held by an individual named "Brian Carter," not by Plaintiff. (Docket No. 1 at 7 of 53).

[2] The single copyright registration provided by Plaintiff, attached to his original complaint, does not demonstrate registration of a website as it is expressly for "print material." (Docket No. 1 at 5 of 53).

|   |   |
|---|---|
| 1 | exhibit or the fact that he was purportedly trying to conduct e-commerce are |
| 2 | relevant to his claims. |

- Plaintiff devotes considerable space in his Opposition to "meta tag analysis" and provides exhibits on the topic (*id.* at 3-4), but these appear at most to show that when the phrase "the house of figurine sculptures" (which Plaintiff alleges is the title of a copyrighted work) is entered into Google's search engine, that phrase comes up in the title of the subsequent search results page. *Id.* at 3, 10.

- There is no mention in the Opposition of any trade secret claim. Google's arguments with respect to that apparent cause of action should be deemed unopposed.

In short, Plaintiff's Opposition does not respond meaningfully to Google's arguments for dismissal, appears to abandon the FAC's trade secret claim, and fails to show that the FAC states a claim for copyright infringement (or any other cause of action) sufficiently to enable Google to comprehend and defend against his allegations. Accordingly, Google's motion should be granted, and the FAC should be dismissed with prejudice.

## **CONCLUSION**

Google appreciates that *pro se* litigants should be given greater leeway than represented parties. However, Google should not be forced to defend itself against unintelligible pleadings that fail to inform Google why it is being sued and how best to respond, and which prevent the Court from evaluating Plaintiff's claims. This Court gave Plaintiff very clear instructions in its March 27, 2013 Order. Plaintiff did not follow those instructions, and apparently did not seek outside assistance to help him do so. Accordingly, Google respectfully requests that Plaintiff's First Amended Complaint be dismissed without leave to amend.

///

///

Respectfully submitted,

Dated: May 24, 2013

WILSON SONSINI GOODRICH AND ROSATI
Professional Corporation


By: ___*/s Colleen Bal*___
    Colleen Bal
    cbal@wsgr.com

Attorneys for Defendant
GOOGLE INC.