UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH W. ANDERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC.,<br><br>　　　　Defendant. | Case No.  12-cv-06573-JST<br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE, VACATING HEARING, AND DENYING AS MOOT PLAINTIFF'S REQUEST TO APPEAR BY TELEPHONE**<br><br>Re: ECF No. 41 |

　　　　Defendant Google, Inc. ("Defendant") has moved to dismiss a complaint filed against it by *pro se* Plaintiff Joseph W. Anderson ("Plaintiff").  ECF No. 41.

　　　　Pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Civil Local Rule 7-1(b), the Court has determined that this matter is suitable for disposition without oral argument, and hereby VACATES the hearing currently scheduled for June 20, 2013.  Plaintiff's request to appear by telephone at the hearing, ECF No. 45, is therefore DENIED AS MOOT.

**I.　BACKGROUND**

**A.　Procedural Background**

　　　　Plaintiff filed a complaint a complaint against Defendant.  ECF. No. 1.  This Court granted Defendant's motion to dismiss that complaint, after concluding that the complaint was largely unintelligible and failed to provide Defendant or the Court with fair notice of the legal claims Plaintiff is making and the factual basis of those claims.  ECF No. 31.  Dismissal was without prejudice, but the Court ordered that any amended complaint "[o]rganize the complaint to describe each legal claim, one at a time, and to follow each legal claim with specific factual allegations which establish that Defendant has violated the law."  Id., at 3:22-25.  Plaintiff then filed an

amended complaint. ECF No. 39.[1]

**B.    Jurisdiction**

The Amended Complaint cites numerous federal statutes as the basis for Plaintiff's entitlement for relief. If Plaintiff could assert a viable claim under these statutes, this Court would have jurisdiction to hear the case pursuant to 28 U.S.C. § 1331.

**C.    Legal Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. Pro. 8(a)(2), and a complaint that fails to do so is subject dismissal pursuant to Rule 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). A complaint must provide the defendant with "fair notice" of the claims against it and the grounds for relief. Id., 550 U.S. at 555; see also Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) (a plaintiff's factual allegations must "give fair notice and . . . enable the opposing party to defend itself effectively").

Complaints by *pro se* plaintiffs must be "liberally construed." Hughes v. Rowe, 449 U.S. 5, 9-10 (1980) (per curiam). Dismissal of a *pro se* complaint without leave to amend is proper only if it is "absolutely clear that no amendment can cure the defect," Lucas v. Dep't of Corrections, 66 F.245, 248 (9th Cir. 1995), and "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a *pro se* plaintiff must still allege facts sufficient to allow a reviewing court to determine that a claim has been stated. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

---

[1] Plaintiff initially filed two different submissions to the Court entitled "Notice of Motion for Relief Sought in Demand of Complaint," and "Notice of Motion & Motion for First Amended Complaint." ECF Nos. 35 & 36. In response to the Court's invitation, Plaintiff consolidated these two submissions into a single document that would serve as the new operative complaint. ECF Nos. 38 & 39.

## II. DISCUSSION

The Amended Complaint slightly improves upon its predecessor in that it sets out a series of causes of action, one at a time, instead of providing a laundry list of 35 statutes at the beginning of the complaint. However, the Amended Complaint fails to "follow each legal claim with specific factual allegations which establish that Defendant has violated the law," as the Court ordered in its earlier dismissal. At best, Plaintiff has provided bare citations to statutes and followed those citations with vague suggestions that the law may have been violated.

As Defendant points out, the Amended Complaint's first cause of action, 18 U.S.C. § 1832, fails as a matter of law since it invokes a criminal statute without a private right action. See Masoud v. Suliman, 816 F. Supp. 2d 77, 80 (D.D.C. 2011). The same is true of various other criminal statutes cited in the complaint, as well as the federal criminal sentencing guidelines, which the Amended Complaint also cites.

The Amended Complaint does invoke certain statutes that provide for a private civil right of action: for example, 17 U.S.C. § 501, which prohibits copyright infringement. But Plaintiff provides a completely inadequate description of the facts supporting his entitlement to relief under that statute. He states only that "Mr. Anderson provided the website design associated with the United Sates [sic] Copyright that illustrated trade secerts [sic] from his work. These actions taken against Mr. Anderson constitutes Copyright Infringement, Unlawful reproduction of website designs and Theft of Trade Secrets." Amended Complaint, at 3:16-20. The Amended Complaint's initial section states that:

> Mr. Anderson website design and the exact United States Copyright titles are being reproduced and resold by the owner(s) of Google Inc. Mr. Anderson provided the Trade Secerts [sic] from his United States Copyright, which included graphic designs of the website, created in the year of 2006. The related titles were shown how the merchandise could be use to sell products to the public. This information was provided to obtain advertisement service and for the sole purpose of opening Mr. Anderson Adword account only. Google Inc. invasive approach to take & control the Intellectual Property of Mr. Anderson resulted in theft of trade secrets bring resold for Google Inc. commercial and monetary gain.

Id., at 2:4-13. These allegations cannot possibly put Defendant sufficiently on notice of the claims against them so that it might prepare a defense. Plaintiff does not even explain what copyright he

United States District Court
Northern District of California

owns or how Defendant infringed upon it.[2] The Court has also carefully reviewed the factual allegations in support of Plaintiff's other complaints, and they provide no greater specificity.

Since the Amended Complaint, like its predecessor, fails to provide sufficient factual information about the basis of Plaintiff's claimed causes of action, the Court finds that it should be dismissed for failure to state a claim upon which relief can be granted.

While dismissal is normally without prejudice, a court may dismiss without granting leave to amend after considering the factors of "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). "[A] district court does not 'abuse its discretion in denying a motion to amend a complaint . . . when the movant presented no new facts but only 'new theories' and 'provided no satisfactory explanation for his failure to fully develop his contentions originally.'" Allen v. City of Beverly Hills, 911 F.2d 367, 374 (9th Cir. 1990) (quoting Vincent v. Trend Western Technical Corp., 828 F.2d 563, 570-71 (9th Cir. 1987). "The fourth and fifth factors, futility and prior amendment" can be dispositive when a plaintiff's amendment adds nothing to the original complaint. Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation, N. Dakota & S. Dakota v. United States, 90 F.3d 351, 356 (9th Cir. 1996).

The Court is mindful of the high standard for construing and dismissing complaints by *pro se* litigants. These high standards, however, have been satisfied in this case. On three separate occasions, this Court referred Plaintiff to free resources for assisting *pro se* litigants in preparing submissions to the Court. ECF Nos. 31, 33 & 38. Given the lack of factual allegations in the Amended Complaint, it seems that Plaintiff either failed to avail himself of such assistance, or has no more detailed factual allegations to add to his complaint. In any case, Plaintiff has made no changes in the Amended Complaint that bring it anywhere close to the minimal standards required

---

[2] Plaintiff's original complaint contained exhibits purporting to demonstrate that Plaintiff owns the copyright to a text work entitled "Sculpture Figurine - Figurine Sculpture," and that another individual sharing the same address as Plaintiff owns the trademark to "The House of Figurine Sculptures.com." ECF No. 1, at 5 & 7. Even if the Court constructively combined information from both complaints (which it cannot do), the complaints would still provide no clear explanation of what Defendant has done to violate these intellectual property rights.

by Rule 8. "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989). Since the Court already dismissed the complaint once, advised Plaintiff specifically of what he needed to do to support his claims, and received another completely inadequate complaint in response, the Court concludes that it would be futile to permit further amendment.

### III. CONCLUSION

The Complaint is DISMISSED WITH PREJUDICE. Plaintiff may not file an amended complaint.

**IT IS SO ORDERED**.

Dated: June 6, 2013

JON S. TIGAR
United States District Judge